UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BARRY A. MERRIWEATHER,               )
                                     )   No. CV-12-091-CI
          Plaintiff,                 )
                                     )   ORDER DENYING PLAINTIFF'S
v.                                   )   MOTION FOR SUMMARY JUDGMENT
                                     )   AND GRANTING DEFENDANT'S
CAROLYN W. COLVIN, Acting            )   MOTION FOR SUMMARY JUDGMENT
Commissioner of Social               )
Security,                            )
                                     )
          Defendant.                 )
_____

     BEFORE THE COURT are cross-Motions for Summary Judgment.  ECF
No. 14, 20.   Attorney Maureen J. Rosette represents Barry
Merriweather (Plaintiff); Special Assistant United States Attorney
Lisa Goldoftas represents the Commissioner of Social Security
(Defendant).   The parties have consented to proceed before a
magistrate judge.  ECF No. 6.  After reviewing the administrative
record and briefs filed by the parties, the court **DENIES** Plaintiff's
Motion for Summary Judgment, and directs entry of judgment for
Defendant.

                          **JURISDICTION**

     Plaintiff protectively filed for disability insurance benefits
(DIB) and for Supplemental Security Income (SSI) on October 2, 2009.
Tr. 177.   He alleged disability due to mental problems, post
traumatic stress disorder (PTSD), stress, arthritis in his hand, and
ulcers, with an alleged onset date of June 25, 2009.  Tr. 180-81.

Benefits were denied initially and on reconsideration. Plaintiff timely requested a hearing before an administrative law judge (ALJ), which was held before ALJ James Sherry on March 1, 2011. Tr. 40-75. Plaintiff, who was represented by counsel, and vocational expert Sharon Welter (VE) testified. The ALJ denied benefits on March 11, 2011, and the Appeals Council denied review. Tr. 1-6, 17-32. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 52 years old, single, with two children who did not reside with him. He had a high-school education and two years of college. Tr. 47-48. In addition to military service, Plaintiff's past work experience included jobs as a security guard, medical lab technician, home attendant, and ward attendant. Tr. 66. Plaintiff stated he stopped working because he could not handle the work environment or tasks, he did not fit in, and he did not trust people he worked with. Tr. 50, 53-54. Plaintiff also reported foot problems and hearing loss. Tr. 55-56.

**ADMINISTRATIVE DECISION**

The ALJ determined Plaintiff met the insured status requirements for DIB through December 31, 2014, and found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 25, 2009. Tr. 22. At step two, he found Plaintiff had severe impairments of "adjustment disorder with depressed mood; Major Depressive Disorder; Antisocial Personality Disorder with Borderline Features; alcohol abuse; arthritis of the

right great toe; and status post inguinal hernia repair." Tr. 23. At step three, he found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). *Id.* At step four, the ALJ discussed Plaintiff's testimony and the medical evidence and found Plaintiff was not credible. Tr. 24-26. He concluded Plaintiff has the residual functional capacity (RFC) to perform work at all exertional levels with the following non-exertional limitations: "No more than moderate noise environment, simple, routine and repetitive tasks with some well-learned detailed tasks. He can make simple decisions and adapt to simple changes in a routine work setting. There can be no more than superficial contact with the public, coworkers and supervisors." Tr. 24. The ALJ then found Plaintiff could perform his past work as a medical lab technician and, therefore, had not been disabled from June 25, 2009, through the date of the ALJ's decision. Tr. 26.

### STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.

*Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d

920, 921 (9th Cir. 1971).   This burden is met once a claimant
establishes that a physical or mental impairment prevents him from
engaging in his previous occupation.   20 C.F.R. §§ 404.1520(a),
416.920(a).   At step five, the burden shifts to the Commissioner to
show that (1) the claimant can perform other substantial gainful
activity; and (2) a "significant number of jobs exist in the
national economy" which claimant can perform.   20 C.F.R. §§
404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496,
1498 (9th Cir. 1984).

**ISSUES**

The question is whether the ALJ's decision is supported by
substantial evidence and free of legal error.   Although Plaintiff
fails to list with specificity under separate heading the issues on
appeal, it appears Plaintiff argues the ALJ (1) erred in the weight
given the medical provider opinions in the final RFC determination,
and (2) failed to consider the disability determination the Veterans
Administration (VA).   ECF No. 15 at 11-17.   The issue of new
evidence presented to the Appeals Council is also before the court.
*Id.*   Defendant argues the ALJ's decision is supported by substantial
evidence and is without legal error.   ECF No. 24.

**DISCUSSION**

**A.   New Evidence**

Plaintiff argues evidence submitted to the Appeals Council that
the ALJ did not review supports his claim for disability benefits.
Specifically, he references new VA records and a September 2011
psychological evaluation completed by Dennis Pollack.   ECF No. 15 at
13, 16.   He argues Dr. Pollack's opinions show that the ALJ's final

RFC determination is error.  *Id*. at 17; Tr. 633-45.

Where, as here, new evidence is first submitted to Appeals Council, the Appeals Council will not consider it unless "it relates to the period on or before the date of the administrative law judge hearing decision."  20 C.F.R. § 404.970(b).  As clarified in a recent Ninth Circuit case, this court does not have jurisdiction under 42 U.S.C. § 405(g) to review the Appeals Council decision denying a request for review.  However, new evidence submitted to and considered by the Appeals Council becomes part of the "whole record" on judicial review and, therefore, must be considered by the court in determining if the ALJ's decision is supported by substantial evidence.  *Brewes v. Commissioner of Social Sec. Admin*, 682 F.3d 1157, 1162, 1164 (9th Cir. 2012) (*quoting* 20 C.F.R. § 404.970(b)).

Here, the ALJ rendered his decision on March 11, 2011.  Tr. 27. Plaintiff was examined by Dr. Pollack four to six months after this date. Therefore, the Appeals Council could not consider it in its review.  Review by this court indicates that Dr. Pollack's findings are not relevant to the Plaintiff's condition during the period at issue.   In addition, the report includes additional objective evidence of exaggerated symptoms and Plaintiff's self-report that is contradicted by VA records.[1]  Dr. Pollack's findings and conclusions

---

[1]  Dr. Pollack reported Plaintiff's recently granted VA disability payments were being reviewed for decrease or elimination. Tr. 635.  For example, in his interview with Dr. Pollack, Plaintiff described in detail military combat experiences (allegedly the cause

are not relevant to the period at issue and are tainted significantly by Plaintiff's unreliable self-report. This post-decision evidence could not change the outcome of the proceedings below; therefore, remand for review by the ALJ is not required. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (remand not required if new evidence would not change hearing decision).

**B.   Evaluation of Medical Evidence**

Plaintiff argues the opinions of John Arnold, Ph.D., Scott Mabee, Ph.D., and Louise Chadez, LICSW/CDC, were improperly rejected and, if credited, "the ALJ would have to determine that Mr. Merriweather was much more limited from a psychological standpoint and disabled." ECF No. 15 at 16. The record shows Dr. Mabee and Dr. Arnold examined Plaintiff in July 2009 and June 2010, respectively.[2] Although both examining sources noted a marked

_____

of PTSD) that were specifically rejected by the VA as being unsupported by their records. Tr. 637, 225 ("there is no evidence that you faced hostile military or terrorist activity" when stationed in Korea between 1982 and 1983). He also told Dr. Pollack he was being treated at the VA for PTSD, which is inconsistent with VA correspondence dated February 2011 confirming previous denial of service for PTSD. Tr. 638, 225.

[2] Although Plaintiff identifies Dr. Mabee as having administered the mental status exam upon which his opinions are based, the record indicates the interview was conducted by Victoria Carroll, M.S. Tr. 246. It is unclear who administered the Personal Assessment Inventory, what the results were and to what extent Dr.

limitation in Plaintiff's ability to tolerate pressures of a normal work setting, neither opined Plaintiff was completely unable to work due to mental limitations. Tr. 241, 347. Their narrative opinions showing that Plaintiff was capable of performing short, simple tasks, with limited restrictions in concentration and difficulties interacting with others contradict Plaintiff's argument that their opinions, if credited, would lead to a finding of disability.

The record in its entirety shows Drs. Mabee and Arnold assessed limitations similar to those noted by non-examining agency psychologists James Bailey, Ph.D., and affirmed by Edward Beaty, Ph.D., in April 2010, whose opinions were given great weight by the ALJ his final determination. *Id.*; Tr. 26. The opinions of these non-examining physicians may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). That is the case here. For example, in December 2009, Dr. Bailey referenced Dr. Mabee's assessment in his RFC evaluation and concluded Plaintiff could perform simple tasks, make simple work related decisions, maintain superficial contact with supervisors, co-workers and the general public due to depression, learn some multi-step tasks and attend to well-learned tasks. However, Dr. Bailey assessed no marked mental limitations. Tr. 270, 272-74. Because Dr. Bailey's opinion contradicted the marked limitation

Mabee had an examining role in the evaluation. Tr. 247. It is noted also that "problematic compliance" was assessed and a protective payee was recommended due to concerns about alcohol abuse and past mismanagement of funds. Tr. 242, 290-93.

assessed by Drs. Mabee and Arnold, the ALJ was required to give "specific" and "legitimate" reasons supported by the record for giving those findings less weight. *Lester*, 81 F.3d at 831, quoting *Roberts v. Shalala, 66 F.3d 179, 184 (9ᵀᴴ Cir. 1995)*.

The record shows Ms. Chadez was Plaintiff's chemical dependency counselor between September 2009 and January 2010. In her opinion letter, she opined Plaintiff was unable to work due to depression.[3] Tr. 613. However, Plaintiff's ability to work in spite of his impairments is an issue reserved to the ALJ. 20 C.F.R. §§ 404.1546(c), 416.946(c); *SSR* 96-5p. Ms. Chadez's conclusory opinion alone that Plaintiff is unable to work cannot establish disability. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9ᵗʰ Cir. 1996). Nonetheless, her observations and opinions regarding how Plaintiff's mental impairments affect his ability to work must be considered by the ALJ. 20 C.F.R. §§ 404.1513(a),(d), 416.913(a),(d). To reject Ms. Chadez's opinions, the ALJ must give "germane" and "specific" reasons. *Lewis v. Apfel*, 236 F.3d 503, 511 (9ᵗʰ Cir. 2001).

The ALJ gave the opinions of all three providers "little weight" because their opinions (1) are based on Plaintiff's unreliable self-report, and (2) are not supported by the record as

---

[3] As a chemical dependency therapist, Ms. Chadez is not qualified to establish a medically determinable impairment. 20 C.F.R. § 404.1513(a). Therefore, the ALJ properly rejected diagnoses identified in her letter based on her status as a non-acceptable medical source. Tr. 26, 241. As discussed in the body of the decision, the ALJ's reasons for discounting her opinions regarding Plaintiff's ability to work are legally sufficient.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

a whole.  Tr. 26.  These two reasons are legally sufficient to discount the opinions of the examining psychologists and Ms. Chadez. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)(medical opinions based on a claimant's subjective complaints are properly rejected where the claimant's credibility has been properly discounted); *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995) (rejection upheld based on no medical support for opinions based on unreliable self-report); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir 1989).

Plaintiff argues the ALJ's reasoning is not sufficiently specific to meet the legal standard.  ECF No. 15 at 16.  Review of the record and the ALJ's decision shows the ALJ discussed both Plaintiff's testimony and specific medical evidence in sufficient detail to allow the court to draw inferences regarding his reasoning for not giving the opinions great weight. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008); *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).  In addition, the ALJ's credibility determination is supported by specific "clear and convincing" reasons, and is not challenged.  The court, therefore, may draw the legitimate inference that rejection of severe or disabling limitations based on unreliable self-report is supported by the substantial evidence discussed in the decision. Tr. 25-26.  It is also noted on review that some weight was given to all of the providers, including Ms. Chadez, who opined Plaintiff was limited by his depression.  Credible depression symptoms are addressed in the RFC determination by limiting Plaintiff to simple, routine, repetitive tasks; well-learned detailed tasks; and no more than

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

superficial contact with the co-workers and the public.  Tr. 24.

Likewise, the ALJ's discussion of medical evidence is sufficiently specific to support his finding medical evidence does not support the providers' opinions that Plaintiff is as limited as assessed.  Tr. 25-26.  As found by the ALJ, objective cognitive testing administered by VA psychologist, Elisabeth Ziegler, Ph.D. was interpreted as indicating exaggeration and embellishment of symptoms.  Tr. 26.  Dr. Ziegler's extensive narrative describes non-credible test performance on objective test-taking; test results similar to a malingering profile; non-compliance with medication dosage; and dishonesty about combat service, all of which support the ALJ's credibility determination and rejection of opinions based on Plaintiff's self-report.  Tr. 407-11.  Progress notes from the VA also reflect Plaintiff's "ongoing tendency to be dishonest."  Tr. 280-81.  The record shows Dr. Arnold found objective personality testing administered in June 2010 indicated an exaggeration of symptoms that made interpretation of the  test results impossible. Tr. 349.  Significantly, Dr. Arnold and Dr. Mabee opined in narrative findings that Plaintiff could perform simple work tasks, consistent with the ALJ's final RFC determination.  Tr. 241, 347.

The ALJ's reasoning for giving little weight to the functional limitations checked by Drs. Arnold and Mabee, is supported by substantial evidence.  The ALJ did not err in the weight given to conclusory opinions from Drs. Mabee and Arnold that are contradicted by their own reports and by other medical evidence.  The ALJ also did not err in giving little weight to Ms. Chadez's speculation that it appeared Plaintiff was unable to work.  Because the ALJ's

findings and inferences logically flowing from the evidence are supported by substantial evidence in the record, his conclusions may not be disturbed. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (ALJ's rational interpretation of the evidence upheld); *Lewis*, 236 F.3d at 511; *Nguyen*, 100 F.3d at 1467; *Sprague*, 812 F.2d at 1229-1230 (ALJ's conclusion upheld if it is a rational interpretation of conflicting evidence).

**C.   VA Disability Rating**

Plaintiff appears to argue the ALJ erred because he failed to consider the VA disability rating of 70% due to depression and anxiety. ECF No. 15 at 17; Tr. 223-26. This argument is without merit. The ALJ specifically addressed the VA disability rating and properly found that although the VA rating must be considered in his evaluation, it is not binding. The ALJ correctly reasoned his final decision must be based on Social Security law. Tr. 21; 20 C.F.R. §§ 404.1504, 416.904; *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); *see also Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 698 (9th Cir. 2009)(rejection of VA determination based on discredited evidence was valid). As discussed above, the ALJ referenced evidence from VA providers of Plaintiff's lack of credibility and cooperation while being treated at the VA Medical Center in his credibility findings. Tr. 25, 361. This evidence necessarily erodes the validity of the VA rating. Finally, Plaintiff does not make the requisite showing of harm by the ALJ's failure to give more specific reasons for giving the VA rating little weight. *Shineski v. Sanders*, 556 U.S. 396, 409, 413 (2009)(claimant's burden to show harm of error). A VA disability

rating alone cannot establish disability under the Social Security Act; therefore any claimed error is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9ᵗʰ Cir. 2012)(error harmless where correction would not change outcome).

**D.    Final RFC Determination**

The RFC determination represents the most a claimant can still do despite his physical and mental limitations.   20 C.F.R. §§ 404.1546, 416.945.   The RFC assessment is not a "medical issue" under the Regulations; it is an administrative finding based on all relevant evidence in the record, not just medical evidence.   *Id.*   No special significance may be given to a medical source opinion on issues reserved to the Commissioner.   20 C.F.R. §§ 404.1527(e), 416.927(e).   The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner.   20 C.F.R. §§ 404.1546, 416.946; *SSR* 96-5p (final RFC is an issue reserved to the Commissioner).

The ALJ's final RFC determination reflects a reasonable interpretation of the medical evidence in its entirety, as well as Plaintiff's credible testimony.   It is supported by substantial evidence and, therefore, may not be disturbed by the court.

**CONCLUSION**

The Commissioner's determination of non-disability is supported by substantial evidence and free of legal error.   Accordingly,

**IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, **ECF No.14,** is **DENIED.**

2.    Defendant's Motion for Summary Judgment, **ECF No. 20,** is

1   **GRANTED.**

2        The District Court Executive is directed to file this Order and

3   provide a copy to counsel for Plaintiff and Defendant. Judgment

4   shall be entered for Defendant, and the file shall be **CLOSED.**

5        DATED August 21, 2013.

6

7                          S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14